IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DWIGHT BYRD, #1567630,           *
aka CHARLES REED
    Plaintiff,                   *

   v.                         *     CIVIL NO. CCB-08-2368

MICHAEL STOUFER, et al.,       *

    Defendants.             *
                                      ********

## **MEMORANDUM**

On September 9, 2008, pro se plaintiff Dwight Byrd, aka Charles Reed, a Maryland inmate currently incarcerated in Texas, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 seeking injunctive relief and money damages. Plaintiff alleges that, while he was incarcerated at the North Branch Correctional Institution (NBCI) in Cumberland, Maryland, on August 27, 2008, prison officials subjected him to excessive force, including the use of a taser shield and a "leash," which was used to pull Byrd by his handcuffs against his cell door. Byrd further states that he was denied medical care, meals, hygiene items, clothes, and showers for several days until September 2, 2008. He also states that, when he was placed in the isolation cell on August 27, 2008, the water to the cell was turned off, the window to the cell was "jammed shut," a bucket of water was poured underneath the door, and a blanket was stuffed at the bottom of the door to block air flow into the cell.

Defendants filed a motion for summary judgment, which Byrd opposed, and on August 24, 2009 summary judgment was denied. A significant factor in that denial was the defendants' failure to provide appropriate affidavits or declarations. Defendants then filed a motion for

reconsideration attaching affidavits and additional evidence.  Carefully considering this information, as well as Byrd's response, makes it clear that the plaintiff cannot show force was applied maliciously and sadistically to cause harm, rather than in a good faith effort to maintain or restore discipline.  *See Wilkins v. Gaddy*, 559 U.S. _____, 130 S.Ct. 1175, 1180 (2010). Nor, in so far as the complaint alleges inhumane conditions, can Byrd show that "subjectively the offials acted with a sufficiently culpable state of mind" *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (internal quotations and citations omitted).

The key facts now supported by affidavit and records include (1) Byrd's repeated and recent history of aggressive behavior and assault on a correctional officer; (2) his undisputed possession of a handcuff key on August 27, 2008, which he refused to surrender, thus prompting the need for a forcible extraction from his cell; and (3) his admitted continued possession of that key in or upon his person through September 2, 2008.  The reasons for the conditions he complains of while on isolation, when viewed in the context of his continued refusal to surrender the key, are well explained in the affidavit of Lt. Gregory Werner.  For example, a blanket was placed at the bottom of the cell door to prevent Byrd from passing the key to another inmate.

Byrd was taken to the infirmary on August 29, 2008 rather than being kept in the isolation cell.  Regarding diet, Byrd himself admits that, when he "relinquished" the handcuff key on September 2, 2008, after metal was detected inside his mouth, he was returned to Housing Unit One and given a bag meal.  Pltf.'s Resp. at 3.  Byrd also admits that "they did offer me meals and clothes in exchange for the key, but when I refused to relinquish the key, I was denied my clothes and meals in an attempt to coerce me to relinquish the key."  Pltf.'s Resp. at 4.

In summary, the record shows a very aggressive inmate committing what he himself

2

acknowledges is a serious security breach – possession of a handcuff key. Correctional staff acted within constitutional limits to attempt to control his behavior and regain possession of the key. The absence of any significant injury to Mr. Byrd corroborates that the force was not excessive under the circumstances. *See Wilkins*, 130 S. Ct. at 1178. At the least, the defendants would be entitled to qualified immunity. *See Melgar v. Greene*, 593 F.3d 348, 357-58 (4th Cir. 2010).

Accordingly, the defendants' motion for reconsideration will be granted. A separate order follows.


September 30, 2010  \_\_\_\_/s/_____
Date                                              Catherine C. Blake
                                                  United States District Judge

3